UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WALLENFANG,

      Plaintiff,

v.                                     Case No. 08-C-288

JOHN J. HAVEL, CHRIS HAVEL,
and PETE PETASEK,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**

Plaintiff Mark A. Wallenfang, a photographer, alleges he owns copyrights in various photographs which were incorporated into a book published by defendants John J. Havel, Chris Havel ("the Havels") and Pete Petasek, entitled *A Year of Champions The 1996 Green Bay Packers*, without Wallenfang's permission and in violation of his copyrights. This matter is before me on Wallenfang's Civil L.R. 7.4 motion to compel discovery under Fed. R. Civ. P. 37(a)(3)(B) and for sanctions under Fed. R. Civ. P. 37(d). Wallenfang filed the motion on July 10, 2009. As defendants have not responded and their time to do so under Civil L.R. 7.4 has lapsed, I now address the motion. For the reasons stated below, the motion will be granted.

Wallenfang moves to compel Petasek to produce his "book file" regarding the sale of the book and Petasek's bank records. Wallenfang served a request for the production of documents on the defendants that requested various documents regarding the creation, publication and sale of the book. This included a request for documents relating to distribution and accounting records associated with the publication and sale of the book. (Michael T. Hopkins Decl. Ex. A.) On June

23, 2009, Petasek provided a receipt signed by Wallenfang for 50 copies of the book, but no other documents regarding the book. In his deposition on July 1, 2009, however, Petasek testified to the existence of a "book file" he maintained at his home regarding his work on the book. The file apparently contains meeting notes, receipts and invoices associated with the publication and sale of the book. Petasek further testified that he had bank account records which would provide evidence relating to the gross revenue and expenses associated with the book project.

I will grant Wallenfang's motion to compel Petasek to produce his "book file" and his bank account records relating to revenue and expenses of the book project. Based upon the record before me, it appears that both the file and the account records likely contain relevant information discoverable under Fed. R. Civ. P. 26(b).

Wallenfang also seeks court-ordered sanctions against the Havels. Wallenfang's first requests for production of documents was served on the defendants on April 13, 2009. (Hopkins Decl. ¶ 2.) A second set of request to produce and a first set of written interrogatories were served on the defendants on June 3, 2009. (*Id*. ¶ 3.) The Havels have not provided responses to Wallenfang's discovery requests, though their counsel indicated by a letter of June 22, 2009 that discovery would be provided before depositions of the Havels on July 16. (Hopkins Decl. Ex. H.) For this failure to respond, Wallenfang requests that the Havels be sanctioned with an order prohibiting them from introducing any evidence of net profit or expenses associated with the publication, distribution or sale of the book.[1]

---

[1] Wallenfang also originally moved for a sanction in the form of an order prohibiting the defendants from contesting liability for copyright infringement. On July 21, 2009, Wallenfang filed a letter with the Court indicating that he no longer seeks this relief. (Doc. # 20.) The letter also makes it clear that Wallenfang seeks this sanction against the Havels and not Petasek, which was not clear from the motion itself.

The Havels' failure to respond to Wallenfang's requests has hampered Wallenfang's ability to discover any information to rebut evidence relating to the Havels' net income from the sale of the book. This is problematic, as a copyright owner is entitled to recover actual damages suffered due to an infringement and any profit made by the infringer as a result of the infringement (and not otherwise captured in the actual damages figure). 17 U.S.C. § 504(b). In order to establish the infrigner's profits, Wallenfang would have to present proof of the infringer's gross revenue, and the infringer would then be required to prove deductible expenses and elements of profit attributable to factors other than the copyrighted work, to arrive at the figure which Wallenfang could recover in addition to actual damages. *See id*. Wallenfang's concern is well-founded, as on the eve of discovery's closing he was unable to obtain any information from the Havels to challenge their net revenue figures, which of course would lower the amount he could recover in damages under the statute.

Based on the record before me, and the lack of response from the defendants on Wallenfang's motion for sanctions, I conclude that the Havels' failure to respond to Wallenfang's requests is conduct for which a sanction under Fed. R. Civ. P. 37(d) is appropriate. Thus, the Havels will be prohibited from introducing any evidence relating to their net revenue from the book.

**THEREFORE, IT IS ORDERED** that Wallenfang's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that within 20 days of the date of this order Petasek produce and allow Wallenfang to inspect or copy his "book file" relating to the book entitled *A Year of Champions, The 1996 Green Bay Packers*.

**IT IS ORDERED** that within 20 days of the date of this order Petasek produce and allow Wallenfang to inspect or copy any of his bank account records containing evidence relating to the gross revenue and expenses associated with the book project.

**IT IS ORDERED** that the Havels will be prohibited from introducing any evidence of their net revenue from the book entitled *A Year of Champions The 1996 Green Bay Packers.*

**IT IS ALSO ORDERED** that discovery in this matter, which had previously been scheduled to close on July 17, 2009, be extended to August 12, 2009. The parties shall serve and file any dispositive motions on or before September 4, 2009.

Dated this   21st   day of July, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
