UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WALLENFANG,

      Plaintiff,

  v.                                  Case No. 08-C-288

JOHN J. HAVEL, CHRIS HAVEL,
and PETE PETASEK,

      Defendants.

## ORDER

Plaintiff Mark A. Wallenfang, a photographer, alleges he owns copyrights in various photographs which were incorporated into a book published by defendants John J. Havel, Chris Havel ("the Havels") and Pete Petasek, entitled *A Year of Champions The 1996 Green Bay Packers*, without Wallenfang's permission and in violation of his copyrights. This matter is before me on Wallenfang's Civil L.R. 7.4 motion to amend or correct the Court's Order of July 21, 2009 granting Wallenfang's motion compel discovery and for sanctions.

Wallenfang's original motion was filed on July 10, 2009, and sought to compel Petasek to produce his previously identified "book file" and bank records relating to the matter and bar all of the defendants from introducing at trial evidence of expenses associated with the publication, distribution or sale of the book an from contesting liability for copyright infringement. The alleged grounds were the defendants' repeated failure to respond to Wallenfang's discovery requests. Wallenfang wrote the Court on July 21, 2009, noting that based on a late disclosure by the Havels, he was amending his request for a sanction against them to include only a restriction on their ability

to offer evidence of net profit or expenses relating to the sale of the book.  As the defendants had not responded to his motion, Wallenfang requested that the Court grant his motion as amended forthwith.  By order of the same date, the Court granted Wallenfang's motion which it construed as seeking a sanction only against the Havels and requesting only that Petasek be compelled to respond to the outstanding discovery requests.  In his motion to amend the Court's order, Wallenfang points out that the intent of his July 21 letter was only to limit the sanction against the Havels.  It was not intended to spare Petasek, who had wholly failed to respond to his discovery request within the time allowed, from the sanction as originally sought.

      Wallenfang's motion to amend will be granted.  Although Petasek has since filed an affidavit with an attached bank statement and a handwritten sheet listing various expenses, he did not respond to Wallenfang's original motion and even now his affidavit fails to set forth any explanation why the documents he now offers could not have been supplied earlier.  The handwritten notations are unsupported by any business records or receipts, and provide no basis for verification.  Moreover the time for discovery has passed.  Under these circumstances, it would be unfair to allow Petasek to introduce evidence of expenses so as to reduce the profits realized from the sale of the book in the event he is found liable for copyright infringement.  Accordingly, Wallenfang's motion to amend is granted and Petasek is prohibited from offering at trial any evidence of his expenses relating to the production, distribution or sale of the book at issue.

      **SO ORDERED** this   25th   day of August, 2009.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge